IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY J. ROSS, | § | |
| also known as Mary Juanita Ross, | § | |
| and Mary Ross, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-1338-D |
| | § | |
| MARIO VASQUEZ, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is an unspecified *pro se*, civil action.

Parties:  Plaintiff is a resident of Hutchins, Texas. Defendant is Mario Vasquez. The court did not issue process in this case, pending preliminary screening.[1]

---

[1] This is not Plaintiff's first action in this court. On January 26, 2009, Plaintiff filed a *pro se*, *in forma pauperis* complaint against the Hutchins Police Department, Dallas County, and fourteen individuals complaining of illegal arrest, false imprisonment, violations of the right to privacy, and other unspecified civil rights violations stemming from events that began in 2002 and ended in 2006. *See Ross v. Hutchins Police Department et al.*, 3:09cv0168-M (N.D. Tex. 2009). Shortly after the dismissal of that case as frivolous and time barred, Plaintiff unsuccessfully filed four additional *pro se* complaints stemming from the same general course of events and suing some of the same individuals. *See Ross v. Akhir*, No. 3:09cv1173-O (N.D. Tex. 2009); *Ross v. Love*, 3:09cv1174-M (N.D. Tex. 2009); *Ross v. Hunt*, 3:09cv1175-B (N.D. Tex. 2009); and *Ross v. Osteen*, 3:09cv1176-M (N.D. Tex. 2009). On July 15, 2009, Plaintiff filed the complaint in this action along with fifteen other complaints (*see* cause numbers 3:09cv1334-K through 3:09cv1349-O), alleging civil rights violations stemming from the same general course of events pled in her first action, cause number 3:09cv0168-M.

Findings and Conclusions: On July 30, 2009, the court issued a notice of deficiency and order to Plaintiff. The order notified Plaintiff that she had neither paid the filing fee nor submitted a proper request to proceed *in forma pauperis*. The order directed Plaintiff to cure the deficiency within thirty days and cautioned her that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. As of the date of this recommendation, Plaintiff has failed to comply with the deficiency order.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Because Plaintiff has been given ample opportunity to comply with the deficiency order, but she has refused or declined to do so, this action should be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[2]

---

[2] When a plaintiff is barred by the statute of limitations from re-asserting his/her claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice which requires the court to apply the higher *Callip* standard. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of September, 2009.

                                             WM. F. SANDERSON, JR.
                                             UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile). *Berry*, however, is limited to a case that was timely filed.

      As reiterated in the undersigned findings and recommendation in *Ross*, 3:09cv0168-M, Plaintiff filed the complaint in this action long after the two-year limitations period had elapsed. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (In Texas, § 1983 actions are governed by the two-year personal injury limitations period, *see* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)). Thus, while the dismissal of this case is, for all purposes, a dismissal with prejudice, the court need not apply the higher *Callip/Berry* standard of review.

3